Edward D. WILKERSON and Marie V. Wilkerson, Appellants,

v.

UNITED STATES of America.

No. 18905.

United States Court of Appeals, Third Circuit.

Argued Nov. 30, 1970.

Decided Dec. 22, 1970.

———◆———

Arnold Miller, Chatham, N. J., for appellants.

Elmer J. Kelsey, Tax Division, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Grant W. Wiprud, Richard Farber, Attys., Dept. of Justice, Frederick B. Lacey, U. S. Atty., on the brief) for appellee.

Before KALODNER, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Taxpayers appeal from an order of the district court granting the Government's motion for a directed verdict and orders of the district court denying taxpayers' motions for a new trial.

On December 16, 1958, Edward D. Wilkerson and Wilco Products, Inc., (Wilco) entered into an agreement with Stewart-Warner Corporation (S-W) concerning the manufacture of a wheel alignment device (aligners) which was patented by Wilkerson and manufactured by Wilco. S-W agreed to purchase from Wilco its requirements of aligners and Wilco agreed not to sell aligners to others or license others to manufacture or sell them. The agreement was to last for ten years subject to earlier termination. The agreement contained an option which provided in part:

> "At any time after the expiration of four years from the date of this agreement, S-W may, by written notice, elect to secure an exclusive license under any and all patents now or hereafter owned or controlled by Wilco or Wilkerson, or both (hereinafter collectively referred to as "Licensor"), and relating to wheel alignment devices. If said election is exercised, then S-W's obligation to purchase from Wilco its requirements of wheel aligners, * * * shall terminate, and S-W shall have, * * * a sole and exclusive license, to manufacture and to have manufactured, and to use and sell throughout the world, wheel alignment devices [covered by Licensor's patents], * * * such license to be effective for the life of the patent last to expire. * * *"

In their tax returns for the years 1958–1962, taxpayers treated the money received from S-W under the agreement as long-term capital gains. The Government viewed it as ordinary income and assessed taxpayers for the difference, which they paid. Their subsequent refund claim was disallowed, and they brought the action below seeking a refund for the years in question.

Section 1235(a) of the Internal Revenue Code of 1954 provides that a "transfer * * * of property consisting of all substantial rights to a patent, * * * shall be considered the sale or exchange of a capital asset held for more than 6 months * * *." 26 U.S.C. § 1235(a).

 The agreement between Wilkerson, Wilco and S-W did not constitute a transfer of all substantial rights to the patent. The taxpayers do not so contend. Rather they say that they waived the four-year restriction and S-W affirmatively exercised the option in the first tax year in question. They contend that there were material issues of fact on these issues and it was error not to permit those facts to be developed by reopening the record.

There was no evidence presented at trial which could lead to the inference that the four year waiting period was waived and that the option was exercised. In fact, plaintiffs' counsel explicitly conceded at trial that the option was not exercised. Therefore, since the sales contract was for only ten years, there was no transfer for the life of the patent. Consequently all substantial rights to the patent were not transferred. 26 C.F.R. § 1.1235–2(b). Since no evidence to the contrary was introduced by the taxpayers the district court was correct in granting the Government's motion for a directed verdict. Nor did the district court abuse its discretion in denying the taxpayers motions for a new trial based on newly discovered evidence, since the "new" evidence proffered by taxpayers could have been discovered prior to trial through the exercise of reasonable diligence. Furthermore, it would not, if believed, have permitted the conclusion that, for tax purposes, all substantial rights in the patent had been transferred.

The orders of the district court will be affirmed.